UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

STACEY Q. JACKSON,

    Plaintiff,

V.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 6:15-cv-89-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 12–13). The Plaintiff, Stacey Jackson, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

**I. OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

> physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Stacey Jackson ("Claimant") filed his claim for DIB on June 1, 2012, alleging an onset date of February 4, 2008. [TR 76]. The agency denied his application initially and upon reconsideration. [TR 88–89]. Claimant requested review by an ALJ, and a hearing was held on January 3, 2014. [TR 45–75]. The ALJ subsequently issued an unfavorable decision on February 27, 2014. [TR 31–44].

At the time the ALJ's decision was rendered, Claimant was 35 years old. [TR 310]. Claimant completed the tenth grade and has past relevant work as an underground coal employee and a security guard. [TR 53, 69–70]. He alleges disability due to issues with his

back, neck, legs, and shoulders. [TR 57]. Claimant's insured status expired on December 31, 2014. [TR 33].

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since his alleged onset date of February 4, 2008. [TR 33]. Second, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease, status post left hip fracture, left shoulder tear, right foot osteotomy, and right knee meniscectomy. [TR 33]. Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 35].

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform sedentary work, with the following limitations: no greater than sixty minutes of continuous sitting and no greater than thirty minutes of continuous standing or walking; frequent reaching, stooping, kneeling, crouching, or crawling; occasional balancing, pushing/pulling with the upper extremities;

3

and no exposure to climbing, unprotected heights, temperature extremes, moving mechanical parts, humidity, or wetness. [TR 35].

After establishing Claimant's RFC, the ALJ continued to the fourth step and found that Claimant could not perform any past relevant work. [TR 39]. Thus, the ALJ moved to the fifth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and sedentary jobs, including information clerk, packer, material mover, and production worker. [TR 71]. Therefore, the ALJ found Claimant not disabled. [TR 40].

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on June 5, 2015. [TR 1-5]. Claimant has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v.*

*Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents four issues for review. First, he argues that the overwhelming weight of medical evidence proves he is disabled. Second, he asserts that the lay testimony proves he was disabled. Third, he avers the ALJ erred by failing to apply the Sixth Circuit's pain standard. Finally, he represents that the Vocational Expert's testimony proved his disability. Unfortunately for Claimant, *presenting* these arguments is not enough, and his motion does no more.

Claimant's "VII. LEGAL ARGUMENT" section contains four subsections each offering citations to case law and a conclusory statement of Claimant's entitlement to relief under the rule preceding it. (DE 12-1 at 23–28).[1] Mechanical, boiler-plate recitations of black letter law unaccompanied by any hint of efforts to apply the stated rules to relevant facts are insufficient to preserve an issue on appeal to this Court. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations and quotation marks omitted). The Plaintiff's motion for summary judgment will be denied.

Moreover, this Court is satisfied that the ALJ's decision is supported by substantial evidence and was decided by the proper legal standards. The Commissioner made efforts to

---

[1] Arguably, there is a single exception. Claimant makes some effort to argue that his good work history bolsters his credibility with regard to his pain allegations. (DE 12-1 at 25–26.) However, a good work record by itself is insufficient to overcome the substantial evidence in the record supporting the ALJ's credibility finding. Claimant fails to address any of the factors upon which the ALJ relied to make that finding. [TR 36].

discern what arguments the Claimant might have been hinting at, and thoroughly addressed that appropriateness of the ALJ's analysis. (DE 13.) Neither the 22 pages of block quoted factual and procedural history cited by the Claimant, nor the six pages of quotations from case law, accompanied only by bald conclusions, persuade this Court to disagree. In sum, the Claimant's failure to develop any substantive argument implicitly assented to any otherwise disputed issues regarding the ALJ's determination, and even if it had not, the Court is convinced that the unfavorable decision should be affirmed for the reasons set forth in the Commissioner's motion.

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 12) is **DENIED**;
2. The Commissioner's motion for summary judgment (DE 13) is **GRANTED**;
3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and
4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated July 7, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY